# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SAMMY NORRIS,<br><br>    **Plaintiff,**<br><br>v.<br><br>REMERO MASON, individually,<br>VICTOR MARCUS, individually,<br>CURTIS JAMES, individually, and<br>WILLIE MOORE, individually,<br><br>    **Defendants.** | 1:16-cv-3947-WSD |

## OPINION AND ORDER

This matter is before the Court on Judge Margot Roberts' ("Judge Roberts") Motion to Quash [47].

## I. BACKGROUND

Plaintiff Sammy Norris ("Plaintiff") alleges that, on November 22, 2014, he stopped at the Hartsfield-Jackson Atlanta International Airport to get breakfast and to verify the cost of an airplane ticket to Alabama. (Compl. ¶¶ 16-17). As he walked towards the dining area inside the airport, Defendant Remero Mason ("Officer Mason"), a police officer, asked him whether he had a plane ticket. (Compl. ¶ 20). Plaintiff replied that he was checking the price of a ticket to Alabama and was about to buy breakfast. (Compl. ¶ 20). Officer Mason accused

Plaintiff of trespassing, and instructed Plaintiff to follow him to the Atlanta Police Precinct located inside the airport. (Compl. ¶ 21). Plaintiff refused to accompany Officer Mason to the precinct. (Compl. ¶ 22). Officer Mason instructed Defendant Curtis James ("Officer James"), another police officer, to detain Plaintiff. (Compl. ¶ 22). Plaintiff explained he was lawfully on the property and started walking towards the MARTA station entrance to leave the airport. (Compl. ¶¶ 24-25).

Officer James and Defendants Victor Marcus ("Officer Marcus") Willie Moore ("Officer Moore"), also police officers, attempted to seize Plaintiff. (Compl. ¶ 26). Plaintiff initially "maneuvered away" from the officers, but Officers Marcus, Moore and James eventually apprehended him and "forcefully took" him to the ground. (Compl. ¶¶ 27-28). Plaintiff alleges that one of the officers kneed him in the abdomen and handcuffed him too tightly. (Compl. ¶¶ 31-32). Plaintiff was transported to the Clayton County Detention Center, where he lost consciousness. (Compl. ¶ 33). He was then taken to hospital, treated for injuries, and arrested by Defendants without a warrant. (Compl. ¶¶ 33-34, 47).

Later that day, Officer James executed a Warrantless Arrest Probable Cause Affidavit (the "Affidavit"), alleging that Plaintiff obstructed or hindered law enforcement, in violation of O.C.G.A. § 16-10-24. ([1.1] at 31). The narrative in the Affidavit stated that Plaintiff resisted apprehension after Officer Mason

2

"recognized [Plaintiff] trespassing on airport property."  ([1.1] at 31).  The following language appeared at the bottom of the Affidavit, under the heading "Order:"  "After having considered the sworn statement of the officer set forth above concerning the arrest of this Defendant, I find that probable cause exists for the continued detention of this Defendant and ORDER that he/she be committed to this Court to be dealt with as the law directs for the offense[s] indicated above."  ([1.1] at 31).  On November 23, 2014, Judge Roberts signed the Affidavit.  ([1.1] at 31).  She had "no further dealings" with Plaintiff after that date.  ([47.1] at 2).  Plaintiff was incarcerated for twenty-one (21) days.  (Compl. ¶¶ 40-42).  On March 10, 2015, Judge Linda S. Cowen, of the State Court of Clayton Judicial Circuit, dismissed the case against Plaintiff.  ([1.1] at 32).

On September 9, 2016, Plaintiff filed his Complaint [1.1] in the State Court of Clayton County.  The Complaint asserts federal claims, under 42 U.S.C. § 1983, for unlawful seizure, deprivation of liberty without due process of law, and malicious prosecution (Count 5).  The Complaint also asserts state law claims for assault and battery (Count 1), false imprisonment (Count 2), false swearing (Count 3), malicious prosecution (Count 4), punitive damages (Count 6), and attorney's fees (Count 7).  On October 21, 2016, Defendants removed Plaintiff's Complaint to this Court.  ([1]).

On May 4, 2017, Plaintiff issued a subpoena (the "Subpoena") to Judge Roberts, commanding her to testify at a deposition. ([48]). On May 8, 2017, Judge Roberts filed her Motion to Quash, arguing that the Subpoena is "unreasonable and oppressive" and should be quashed. ([47.1] at 1). Plaintiff did not file a response and the Motion to Quash is thus deemed unopposed. See LR 7.1(B), NDGa (Failure to file a response shall indicate that there is no opposition to the motion.").

## II.     DISCUSSION

Federal Rule of Civil Procedure 45 requires a court, on timely motion, to quash a subpoena that requires disclosure of privileged or other protected matters. Fed. R. Civ. P. 45(c)(3). "It is well-settled that the mental processes of a judge are not the proper subject of compelled testimony." Maid of the Mist Corp. v. Alcatraz Media, LLC, No. 1:09-cv-1543, 2009 WL 10668648, at *2 (N.D. Ga. June 30, 2009); see United States v. Morgan, 313 U.S. 409, 422 (1941) (stating "a judge cannot be subjected to such a scrutiny" because "an examination of a judge would be destructive of judicial responsibility"). "[J]udges are under no obligation to divulge the reasons that motivated them in their official acts; the mental processes employed in formulating the decision may not be probed." Alcatraz Media, LLC, 2009 WL 10668648, at *2; see Robinson v. Commissioner

of Internal Revenue, 70 F.3d 34, 38 (5th Cir. 1995) ("A judge may not be asked to testify about his mental processes in reaching a judicial opinion."); Grant v. Shalala, 989 F.2d 1332, 1344 (3d Cir. 1993) ("It has long been recognized that attempts to probe the thought and decision making processes of judges and administrators are generally improper."). "Courts will only consider compelling judicial testimony in the presence of extreme and extraordinary circumstances, such as a strong showing of bad faith or improper behavior." Alcatraz Media, LLC, 2009 WL 10668648, at *2.

Judge Roberts' only involvement with Plaintiff's case was her approval of the Affidavit. ([47.1] at 2). Plaintiff does not identify any issue upon which he seeks to depose Judge Roberts that is not protected from disclosure, and he does not state any extraordinary circumstances warranting compelled judicial testimony. Plaintiff does not oppose Judge Robert's motion to quash the Subpoena, and the Motion to Quash is granted.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Judge Margot Roberts' Motion to Quash [47] is **GRANTED**.

5

**SO ORDERED** this 2nd day of June, 2017.

*William S. Duffey*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE